NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN W. COLE,<br><br>                Plaintiff-Appellant,<br><br>   v.<br><br>ALASKA ISLAND COMMUNITY<br>SERVICES, AKA AICS; et al.,<br><br>                Defendants-Appellees. | No. 19-35894<br><br>D.C. No. 1:18-cv-00011-TMB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Stephen W. Cole appeals pro se from the district court's judgment

dismissing his antitrust action. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's dismissal for lack of subject matter jurisdiction on

the basis of sovereign immunity. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 858, 864 (9th Cir. 2016) (sovereign immunity); *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (tribal sovereign immunity). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Cole's claims against Southeast Alaska Regional Health Consortium and Alaska Island Community Services because those claims are barred by tribal sovereign immunity. *See White v. Univ. of Cal.*, 765 F.3d 1010, 1025 (9th Cir. 2014) (factors to determine whether an entity is an "arm of the tribe" for purposes of tribal sovereign immunity); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("In the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, the party asserting subject matter jurisdiction has the burden of proving its existence, i.e. that immunity does not bar the suit." (internal quotation marks omitted)).

The district court properly dismissed Cole's claims against the Department of Health and Human Services because those claims are barred by sovereign immunity. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001) (suits against any agency of the United States "are barred by sovereign immunity unless there has been a specific waiver of that immunity"). Dismissal of Cole's claims against the Federal Trade Commission was proper on the same basis.

Cole failed to include any argument in his opening brief regarding the

district court's dismissal of the United States Attorney's Office, and thus has waived any challenge to that issue. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (arguments not raised in an appellant's opening brief are waived).

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**